UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DAVID J.,[1] | Case No. 3:20-cv-00647-MK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| COMMISSIONER, Social Security Administration, | |
| Defendant. | |

**Kasubhai,** United States Magistrate Judge:

Plaintiff David J. seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits ("DIB") under Title XVI of the Social Security Act (the "Act"). This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). *See* ECF No. 5. For the reasons that follow, the Commissioner's final decision is REVERSED and this case is REMANDED for further proceedings.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and last name initial of non-government parties and their immediate family members.

## PROCEDURAL BACKGROUND

Plaintiff filed an application for DIB on December 20, 2016, alleging a disability onset date of December 4, 2016. Tr. 247–50. Plaintiff's claims were denied initially and upon reconsideration. Tr. 177–79, 183–85. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held in January 2019. Tr. 107–39. On January 17, 2019, the ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. Tr. 87–101. The appeals council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 1–2. This appeal followed.

## FACTUAL BACKGROUND

Plaintiff was 48 years old on his alleged onset date. Tr. 99. He has a tenth-grade education and past relevant work as a machine operator. Tr. 113. Plaintiff alleged disability based on type I diabetes, diabetic peripheral neuropathy, diabetic retinopathy, chronic kidney disease, patellofemoral syndrome in his knees, and plantar fasciitis in his feet. Tr. 142; *see also* Pl.'s Op. Br. 2, ECF No. 21.

## LEGAL STANDARD

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the

ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007); *see also Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

The claimant has the initial burden of proof to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c) & 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*;

20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations his impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c), 416.920(e), 416.945(b)–(c). At step four, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff met the insured requirements of the Act and had not engaged in substantial gainful activity since his application date. Tr. 92. At step two, the ALJ found that Plaintiff had the following severe impairments: diabetes mellitus I; dysfunction of the joints; and neuropathy. *Id.*

At step three, the ALJ found that Plaintiff did not have an impairment or combination thereof that met or equaled the severity of a listed impairment. Tr. 94–95. The ALJ found that Plaintiff had the RFC to perform light work with the following limitations:

> [His] balance [was] unlimited and stooping [was] unlimited; occasional ropes, ladders, scaffolds, ramps, stairs, kneel, crouch, and crawl; limited with the left nondominant extremity overhead lifting is occasional; hearing [was] limited to no jobs that require

>           excellent hearing; need[ed] to avoid concentrated exposure to
>           extreme cold, concentrated exposure to noise, and concentrated
>           exposure to heights, hazards, and heavy machinery.

Tr. 95.

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 99. At step five, the ALJ found, in light of Plaintiff's age, education, work experience, and RFC, a significant number of jobs existed in the national economy such that Plaintiff could sustain employment despite his impairments. Tr. 100. The ALJ thus found Plaintiff was not disabled within the meaning of the Act. *Id.*

## DISCUSSION

The scope of this appeal is narrow and hinges on whether the ALJ supplied clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony.

**I.  Subjective Symptom Testimony**

When a claimant has a medically documented impairment that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (internal citation omitted). A general assertion [that] the claimant is not credible is insufficient; instead, the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted). If the ALJ's finding regarding the claimant's subjective symptom testimony is "supported by

substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (internal citation omitted).

Social Security Ruling ("SSR") 16-3p provides that "subjective symptom evaluation is not an examination of an individual's character," and requires that the ALJ consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms.[2] SSR 16-3p, *available at* 2016 WL 1119029, at \*1–2. The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at \*4.

The Commissioner asserts the ALJ supplied two permissible rationales for rejecting Plaintiff's subjective symptoms as inconsistent with other evidence in the record: the objective medical record, including Plaintiff's purported improvement with treatment; and Plaintiff's daily activities.

### A. Medical Record and Improvement

The Commissioner asserts that the objective medical evidence failed to support Plaintiff's testimony. Def.'s Br. 4–5, ECF No. 24. A claimant's treatment record is a relevant consideration ALJs may consider in evaluating subjective complaints, *see* 20 C.F.R. §§ 404.1529(c)(1)–(3), 416.929(c)(1)–(3). However, an ALJ "may not discredit the claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence." *Reddick v. Chater*, 157 F.3d 715, 722–23 (9th Cir. 1998); *see also Burch*, 400 F.3d at 681

---

[2] Effective March 28, 2016, SSR 16-3p superseded and replaced SSR 96-7p, which governed the assessment of claimant's "credibility." *See* SSR 16-3p.

(explaining a lack of medical evidence can support an adverse credibility finding only if there are additional grounds for discrediting the claimant's testimony) (emphasis added). Accordingly, the ALJ's rejection of Plaintiff's testimony could not be grounded solely on a lack of objective evidence in the record. Accordingly, the ALJ was required to supply at least one additional rationale to reject Plaintiff's testimony.

The ALJ rejected Plaintiff's testimony because he had "high glucose levels when he did not comply with his insulin before meals" and "[drank] regular soda[,] despite his diabetes diagnosis." Tr. 97–98. In some circumstances, adjudicators may discount testimony based on "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (ALJ). To do so, however, adjudicators must consider "any explanations that the individual may provide, or other information in the case record, that may explain" the failure to follow a treatment plan. *Orn*, 495 F.3d at 638 (quotation omitted); *see also* SSR 16-3p at *9 ("We will not find an individual's symptoms inconsistent with the evidence in the record on this basis without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints.").

The ALJ's reasoning fails for at least three reasons. First, regarding insulin compliance, a close review of the record demonstrates that Plaintiff was candid with his providers who were well aware of his difficulty following his insulin regime. *See, e.g.*, Tr. 483 ("He has had some difficulty with his insulin regimen."); Tr. 901 ("Longstanding history of poor control."). The record also reflects Plaintiff's own frustration in this regard and his desire to make improvements. *See* Tr. 903 ("Patient frustrated by state of health and wants to improve but struggles to keep up with daily testing and mealtime Humalog administration needed to do so.").

Second, regarding drinking soda, it is not clear from the records cited by the ALJ that Plaintiff actually failed to comply with treatment instructions. The ALJ cited three treatment records in support of his conclusion that Plaintiff "continued to drink regular soda despite his diabetes diagnosis." Tr. 98 (citing Tr. 481–88, 901–03, 1118–22). An independent examination of those records, however, fails to support the ALJ's implied conclusion that Plaintiff was not compliant with treatment. Two of the records—a follow up appointment on March 15, 2017, and emergency room records from December 2016 following Plaintiff's "black out" while driving a truck at work—make no mention of consuming soda. *Compare* Tr. 98, *with* Tr. 481–88, *and* Tr. 901–03. The single record cited by the ALJ that does mention soda consumption simply states that Plaintiff was "drinking regular soda despite diabetes diagnosis." Tr. 1119. In other words, the ALJ did not cite to examples in the record where Plaintiff was instructed not to consume soda and failed to heed the advice. The ALJ's conclusion therefore lacks support in the record.

Third, and most importantly, the record demonstrates that even when compliant, Plaintiff still suffered from serious symptoms. For example, in one of the records cited by the ALJ, a provider noted that although Plaintiff's diabetes "improved" it "still remain[ed] in poor control overall." Tr. 903. Further, Plaintiff's glucose levels remained high even when he strictly complied with his treatment and had his food and medication intake monitored by medical staff. *See* Tr. 482–83, 902–03, 1032.

As such, the medical record in this case was a not a clear and convincing reason to reject Plaintiff's testimony.

### B.     Activities of Daily Living

The ALJ next rejected Plaintiff's testimony based on his activity levels. Tr. 20. In some circumstances, activities of daily living may form the basis for an ALJ to discount a claimant's

testimony in two ways: (1) as evidence a claimant can work if the activities "meet the threshold for transferable work skills"; or (2) where the activities "contradict [a claimant's] testimony." *Orn*, 495 F.3d at 639. A claimant, however, need not be utterly incapacitated to receive disability benefits, and sporadic completion of minimal activities is insufficient to support a negative credibility finding. *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *see also Reddick*, 157 F.3d at 722 (9th Cir. 1998) (requiring the level of activity to actually be inconsistent with the claimant's alleged limitations to be relevant to his or her credibility).

Plaintiff's minimal level of activities in this case falls well short of the demanding clear-and-convincing standard. Here, the ALJ cited multiple activities, including Plaintiff's ability to perform personal care activities and light household chores, prepare meals, drive, and shop for groceries. Tr. 98. The Ninth Circuit has consistently instructed, however, that such a modest level of activity is not sufficient to reject subjective complaints. *See Vertigan*, 260 F.3d at 1050 ("This court has repeatedly asserted that the mere fact that a Plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from [their] credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

Moreover, the ALJ's discussion of Plaintiff's daily activities failed to explain "what symptom testimony [was] not credible and what facts in the record lead to that conclusion." *Smolen*, 80 F.3d at 1284 (citing *Dodrill*, 12 F.3d at 918). As this Court has repeatedly explained, "an ALJ's mere recitation of a claimant's activities is insufficient to support rejection of the claimant's testimony as a matter of law." *Shirley C. v. Comm'r, Soc. Sec. Admin.*, No. 1:20-cv-01212-MK, 2021 WL 3008265, at *6 (D. Or. July 15, 2021). In other words, other than generally

summarizing Plaintiff's activities, the ALJ failed to explain how any of the listed activities undermined his subjective symptom testimony. Therefore, this was not a clear and convincing reason to reject Plaintiff's testimony. *See David H. v. Comm'r, Soc. Sec. Admin.*, No. 3:19-cv-00571-MK, 2020 WL 1970811, at *4 (D. Or. Apr. 24, 2020) (rejecting ALJ's reliance on claimant's activities where "the ALJ did not explain how these minimal activities undermined [the claimant's] symptom testimony") (citation omitted).

In sum, the ALJ failed to supply clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony. This case must therefore be remanded.

## II.     Remand

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an award of benefits. *See, e.g.*, *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985). Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In determining whether an award of benefits is warranted, the court conducts the "three-part credit-as-true" analysis. *Garrison*, 759 F.3d at 1020. Under this analysis the court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Even if all of the requisites are met, however, the court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled[.]" *Id.* at 1021. "Serious doubt" can arise when there are "inconsistencies between the claimant's testimony and the medical evidence," or if the Commissioner "has

pointed to evidence in the record the ALJ overlooked and explained how that evidence casts serious doubt" on whether the claimant is disabled under the Act. *Dominguez*, 808 F.3d at 407 (citing *Burrell*, 775 F.3d at 1141 (internal quotation marks omitted)).

Significantly, Plaintiff does not meaningfully argue that this case should be remanded for an immediate payment of benefits beyond summarily stating that a remand on those grounds is appropriate. In any event, the Court finds such a remedy inappropriate given the ambiguities that remain in the record.

Although the first requisite is met based on the ALJ's harmful legal error discussed above, the record would benefit from further development. For example, the record does not contain an opinion from a treating or examining medical professional who spoke to Plaintiff's concrete functional limitations during the relevant period. *See* Tr. 98 (discounting Plaintiff's treating provider in part because the opinion "was provided before the relevant period"). Remand for further proceedings is therefore appropriate. *Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Accordingly, this matter is remanded for further administrative proceedings to: (1) reevaluate Plaintiff's subjective symptom testimony; (2) order a consultative examine to assess Plaintiff's specific functional limitations during the relevant period; and (3) conduct any further necessary proceedings.

## CONCLUSION

For the reasons discussed above, the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is REVERSED and this case is

REMANDED pursuant to sentence four of 42 U.S.C. §405(g) for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 10th day of August 2021.

s/ Mustafa T. Kasubhai<br>
MUSTAFA T. KASUBHAI (He / Him)<br>
United States Magistrate Judge